UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JUSTIN EDMISTEN,

        Plaintiff,

vs.

M. POLLARD, *et al.,*

        Defendants.

Case No. 2:13-cv-0642-GMN-NJK

**ORDER**

    Plaintiff, an inmate at the Clark County Detention Center at the time of filing, submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed *in forma pauperis*. He has since been released. The Court finds that plaintiff does not have the financial means to pay the filing fee and that he qualifies for *pauper* status. The complaint, which is subject to the provisions of the Prisoner Litigation Reform Act is discussed below.

**I.**    **Screening Pursuant to 28 U.S.C. § 1915A**

    Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

. . . .

1    A reviewing court should "begin by identifying pleadings [allegations] that, because they are no
2 more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S.
3 662, 678-79, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a
4 complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual
5 allegations, a court should assume their veracity and then determine whether they plausibly give rise to
6 an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a
7 context-specific task that requires the reviewing court to draw on its judicial experience and common
8 sense." *Id*.

9    Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
10 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
11 conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of
12 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
13 allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28
14 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

15 **II.   Discussion**

16    Plaintiff raises two claims for relief based upon his allegation that he was subjected to excessive
17 force and sexual assault in violation of the Eighth Amendment and that he was denied equal protection
18 because he was denied house-arrest as a non-violent offender. He names c/os M. Pollard, J. Hill, and
19 C. Rangel on the Eighth Amendment claim and John Doe P#4001 on the Fourteenth Amendment claim.
20 All defendants are named in their individual and official capacities.

21    <u>Count One</u>

22    In count one, plaintiff alleges that he was body slammed to the floor and threatened with a taser
23 to the head by correctional officers Pollard and Hill. He alleges that, during the incident, his pants came
24 down below his "butt" and he was exposed "to humilition [sic] of others and injurys [sic] throughout
25 [his] person. He further alleges that c/o Rangel held a taser to his head while the other officers
26

handcuffed him and that c/o Pollard "swiped" [sic] plaintiff's "butt with his hands in a sexual/aggressive manner." Plaintiff alleges that the officers made no attempt to pull his pants up as they escorted him away, but he was eventually able to do so. Plaintiff contends that he was not acting aggressively, but was obeying the officers commands "while on the floor."

To prove a claim that prison officials violated his constitutional rights through the excessive use of force, an inmate must satisfy two requirements. First, he must satisfy a subjective requirement that the force used by the corrections officers "inflicted unnecessary and wanton pain and suffering." *Hudson v. McMillian*, 503 U.S. 1, 6 (1993). The inmate must also satisfy an objective requirement; he must show that correctional officers' actions, taken contextually, were "objectively harmful enough" to offend "contemporary standards of decency." *Id.* at 8. In determining whether the objective component is satisfied, the factfinder must evaluate the force applied and the seriousness of the resulting injury against the need for the use of force and the context in which that need arose. However, not every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting Estelle, supra, 429 U.S., at 106, 97 S.Ct., at 292) (internal quotation marks omitted).

Plaintiff has failed to state a claim under the Eighth Amendment because he has not described conduct that would be considered "repugnant to the conscience of mankind." *Id.* This is particularly true here because the acts took place in the detention center's day room, an area that is likely filled with other inmates or detainees who would be free to act out inappropriately if the officers took a less decisive course of action, rather than when the plaintiff was alone in his cell. Plaintiff also describes no physical injury that resulted from the incident. The Prison Litigation Reform Act states that "[n]o Federal civil

action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). While the actions alleged to have been taken by the officers may have been forceful, it is not obvious that the force was not applied in a good faith effort to restore or maintain discipline rather than "maliciously and sadistically for the very purpose of causing harm." *Whitley,* 475 U.S. at 321.

The described swiping of plaintiff's buttocks in an allegedly sexual or aggressive manner describes a rather *de minimis* contact which could have easily occurred given the circumstances that plaintiff's pants were apparently loose enough to fall down while he was being held against the wall. These acts as presently described cannot be said to be "objectively harmful enough" to offend "contemporary standards of decency." *Hudson*, 503 U.S. at 8.

This claim will be dismissed with leave to amend if plaintiff believes he can state additional facts to address the deficiencies noted.

Count Two

In this claim for relief, plaintiff alleges that he was denied equal protection because he was denied house arrest even though he is a non-violent offender. He avers that the defendant, "house arrest officer" Doe, told him he did not qualify because of his juvenile record, which plaintiff disputes, contending that his juvenile record automatically "seals at 21-yrs old itself in Nevada...." Plaintiff further alleges that when asked if the denial was because plaintiff was bi-sexual, the defendant "repeated in a manner, 'yeah it's cause your [sic] bi-sexual,'" handing him his request form.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the

1  plaintiff's membership in a suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158,
2  1167 (9th Cir.2005).

3      If the action in question does not involve a suspect classification, a plaintiff may establish an
4  equal protection claim by showing that similarly situated individuals were intentionally treated
5  differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*,
6  528 U.S. 562, 564, 120 S.Ct. 1073 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1, 93
7  S.Ct. 1278 (1972); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004);
8  *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir.2002). To state an equal
9  protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an
10 identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and
11 (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564.
12 If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule,
13 a plaintiff must show that the selective enforcement is based upon an "impermissible motive." *Squaw*
14 *Valley*, 375 F.3d at 944; *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995). The
15 discrimination must be "intentional or purposeful." *Grader v. Lynnwood*, 53 Wash.App. 431, 437, 767
16 P.2d 952 (1989), review denied, 113 Wash.2d 1001, 777 P.2d 1050, *cert*. denied, 493 U.S. 894, 110
17 S.Ct. 243, *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir.1963). "This 'discriminatory purpose' must be
18 clearly shown since such a purpose cannot be presumed." *Grader*, 53 Wash.App. at 437.

19     In this instance, it is not clear what type of discrimination plaintiff attempts to claim. He does
20 not make clear if he is claiming he was discriminated against because of his juvenile record or because
21 he is bi-sexual. As a result, the claim shall be dismissed with leave to amend.

22 . . . .
23 . . . .
24 . . . .
25 . . . .
26

**III.   Conclusion**

The complaint shall be dismissed with leave to amend, as plaintiff has failed to state sufficient facts to support his claims as specified above.  If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1  **IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* without having to prepay the full filing fee is **GRANTED**.

**IT IS FURTHER ORDERED** that Clerk shall **FILE** the complaint, which is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk shall send plaintiff a form and instructions for filing a § 1983 action. Plaintiff shall have thirty days from entry of this order to submit his First Amended Complaint, which shall be labeled as such. Failure to timely amend the complaint may result in dismissal of the action with prejudice.

Dated this 10th day of June, 2013.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE